# **EXHIBIT 1**

SUPERIOR COURT FOR THE STATE OF WASHINGTON
IN THE COUNTY OF KING

| | |
|---|---|
| LINDA THOMPSON, individually,<br><br>　　　　　　　　Plaintiff,<br>vs.<br><br>GATE GOURMET, INC., a Delaware Corporation; NANETTE MIDDLETON, individually, and JAN DOE MIDDLETON and the marital community composed thereof,<br><br>　　　　　　　　Defendants. | NO.<br><br>COMPLAINT FOR DAMAGES |

**COMES NOW,** Plaintiff Linda Thompson, individually, by and through her attorneys of record, James M. Owen, Jr. and Vanessa M. Vanderbrug, of Owen | Vanderbrug, and hereby states and alleges as follows:

### I.　PARTIES

1.1　Plaintiff Linda Thompson ("Plaintiff") was at all times material hereto a single woman residing in the city of Seattle, county of King, in the State of Washington. Ms. Thompson is an American Indian female and over the age of forty. At all times material hereto,

COMPLAINT FOR DAMAGES - Page 1 of 11

**OWEN | VANDERBRUG**
1700 SEVENTH AVE., STE. 2100
SEATTLE, WASHINGTON 98101
P (206) 467-1400  F (206) 467-4884

Ms. Thompson was employed by Defendant Gate Gourmet, Inc. ("Defendant" or "Gate Gourmet").

1.2    Upon information and belief, Defendant Nanette Middleton is a resident of King County, Washington.

1.3    All acts as alleged herein were performed by Defendant Nanette Middleton individually, on behalf of the marital community of Nanette Middleton and Jan Doe Middleton and/or on behalf of Nanette Middleton's employer, Defendant Gate Gourmet.

1.4    Defendant Gate Gourmet, Inc. is a Delaware Corporation, and at all times relevant hereto has been doing business in King County, Washington. Defendant's registered agent is Corporation Service Company, 300 Deschutes Way SW, Suite 208, Tumwater, Washington 98501.

## II.    JURISDICTION AND VENUE

2.1    At all times mentioned herein, Plaintiff was and is a resident of King County, and resides in Seattle, Washington.

2.2    Upon information and belief, at all times material to this action, Defendants Middleton were residents of King County, and resided in Seattle, Washington.

2.3    At all times material to this action, Defendant Gate Gourmet conducted business in King County and elsewhere in the State of Washington.

2.4    Jurisdiction is proper in King County Superior Court pursuant to RCW 2.08.010, and RCW 4.12.025.

COMPLAINT FOR DAMAGES - Page 2 of 11

OWEN | VANDERBRUG
1700 SEVENTH AVE., STE. 2100
SEATTLE, WASHINGTON 98101
P (206) 467-1400  F (206) 467-4884

2.5  Venue is proper in King County Superior Court pursuant to RCW 4.12.025.

### III.  FACTUAL ALLEGATIONS

3.1  On May 30, 2014, Gate Gourmet hired plaintiff Linda Thompson, as a Driver Helper to work at the Seattle Tacoma International Airport. Gate Gourmet is in the business of providing food and beverage catering services to the airline industry. Ms. Thompson's job responsibilities included, among other things, cleaning out the vans that transported food and beverages to the airplanes.

3.2  Ms. Thompson is an American Indian female, and over the age of forty.

3.3  Ms. Thompson was capable, with reasonable accommodation, of performing all essential job functions. Ms. Thompson, at all times during her employment, performed her job duties at or above Defendants' performance expectations.

3.4.  Throughout her employment for Gate Gourmet, Defendant Nanette Middleton acted as Ms. Thompson's supervisor and regularly engaged in harassing conduct towards her. Ms. Middleton's harassing conduct included, but was not limited to, engaging in ongoing surveillance of Ms. Thompson. Ms. Middleton did not similarly engage in such surveillance of male employees. Ms. Thompson complained about Defendant Middleton's conduct to Gate Gourmet Human Resources, but no remedial action was taken.

3.5  On March 13, 2018, prior to her scheduled lunch break, Ms. Thompson was asked to clean out Gate Gourmet's van. Ms. Thompson was in a hurry as she had an urgent appointment (which was causing her mental distress) during her lunch break and inadvertently

placed two cans of water in her pocket and left for her break. Defendant Middleton was surveilling Ms. Thompson and as Ms. Thompson was leaving for her break, told her to empty her pockets. Ms. Thompson did so and revealed the two cans of water. Ms. Thompson explained that she had put the cans in her pocket by mistake because she was in a hurry. Regardless, Defendant Middleton directed that Ms. Thompson be placed on unpaid administrative leave while an investigation was undertaken.

3.6     Ms. Thompson was not notified of any of the details of the "investigation", however, on March 19, 2018, Gate Gourmet fired her based upon Defendant Middleton's allegation.

3.7     Employees of Gate Gourmet who are male and/or white and/or under the age of forty have not been fired for mistakenly putting two cans of water in their pocket. Plaintiff Ms. Thompson was treated differently than her similarly situated colleagues, based on gender and/or race and/or age, by being terminated without warning for mistakenly putting two cans of water in her pocket.

3.8     The actions of Defendants Gate Gourmet and Nanette Middleton have, and continue to cause, substantial harm to Plaintiff Ms. Thompson.

## IV.   CAUSES OF ACTION

**A.     FIRST CAUSE OF ACTION –** *Violation of the Washington Law Against Discrimination (Gender Discrimination)*

4.1     Plaintiff incorporates each of the allegations which are stated above in support of this cause of action.

4.2     Defendants intentionally treated Plaintiff Thompson less favorably in the terms and conditions of employment than similarly situated male employees.

4.3     The actions of Defendants, described above, violated the Washington Law Against Discrimination by intentionally discriminating against Plaintiff based upon her gender.

4.4     Defendants' actions and/or omissions in this regard caused Plaintiff substantial and ongoing damages.

**B.     SECOND CAUSE OF ACTION –** *Violation of the Washington Law Against Discrimination (Race Discrimination)*

4.5     Plaintiff incorporates each of the allegations which are stated above in support of this cause of action.

4.6     Defendants intentionally treated Plaintiff Thompson less favorably in the terms and conditions of employment than similarly situated white employees.

4.7     The actions of Defendants, described above, violated the Washington Law Against Discrimination by intentionally discriminating against Plaintiff based upon her race.

4.8     Defendants' actions and/or omissions in this regard caused Plaintiff substantial and ongoing damages.

**C.     THIRD CAUSE OF ACTION –** *Violation of the Washington Law Against Discrimination (Age Discrimination)*

4.9     Plaintiff incorporates each of the allegations which are stated above in support of this cause of action.

4.10 Defendants intentionally treated Plaintiff Thompson less favorably in the terms and conditions of employment than similarly situated younger employees.

4.11 The actions of Defendants, described above, violated the Washington Law Against Discrimination by intentionally discriminating against Plaintiff based upon her age.

4.12 Defendants' actions and/or omissions in this regard caused Plaintiff substantial and ongoing damages.

**D.   FOURTH CAUSE OF ACTION –** *Hostile Work Environment*

4.13 Plaintiff incorporates each of the allegations which are stated above in support of this cause of action.

4.14 The actions of Defendants' employee and supervisor, Nanette Middleton, violated the Washington Law Against Discrimination by creating and maintaining a hostile or offensive work environment for Plaintiff on the basis of her race, gender, and age that substantially interfered with her ability to perform her job for Defendants.

4.15 Defendants' managers and agents failed to take prompt and appropriate remedial action to eliminate the hostile work environment for Plaintiff after Defendants knew or should have known of the existence of the hostile work environment for Plaintiff.

4.16 Defendants have imputed liability for the hostile work environment created by Plaintiff's supervisor Nanette Middleton under the Washington Law Against Discrimination by intentionally failing to take prompt, appropriate remedial action. RCW 49.60.180.

### E. FIFTH CAUSE OF ACTION - *Outrage*

4.17 Plaintiff incorporates each of the allegations which are stated above in support of this cause of action.

4.18 Defendants' conduct was extreme and outrageous.

4.19 Defendants intentionally and recklessly inflicted emotional distress upon Plaintiff.

4.20 As a result of Defendants' conduct, Plaintiff suffered severe emotional distress.

### F. SIXTH CAUSE OF ACTION – *Violation of Washington State Public Policy*

4.21 Plaintiff incorporates each of the allegations which are stated above in support of this cause of action.

4.22 Washington state public policy prohibits differential treatment on the basis of race, gender, or age. Washington state public policy also prohibits retaliation against employees for making good faith complaints about the terms and conditions of their employment.

4.23 Plaintiff complained about the conduct of Defendant Middleton on multiple occasions, and specifically complained about Defendant Middleton's surveillance of Plaintiff Thompson. No reasonable or timely action was taken on any of Plaintiff's good faith complaints.

4.24 Defendants retaliated against Plaintiff for those complaints by, among other things, terminating plaintiff's employment.

4.25 Defendants' termination of Plaintiff's employment in part or in whole for making good faith complaints about the terms and conditions of her employment.

### G. SEVENTH CAUSE OF ACTION – *Breach of Contract*

4.26 Plaintiff incorporates each of the allegations which are stated above in support of this cause of action.

4.27 Upon information and belief, Defendants had a policy that provided for progressive and written disciplinary actions. Defendants breached its contract with Plaintiff by failing to provide accurate and proper disciplinary and counseling actions. Defendants also breached its contract by not providing confidential open-door opportunities.

4.28 Defendants' actions and/or omissions in this regard caused Plaintiff substantial and ongoing damages.

### H. EIGHTH CAUSE OF ACTION-*Intentional Interference with Business Expectancy – AS AGAINST DEFENDANT Nanette Middleton*

4.29 Plaintiff re-alleges and incorporates by reference all preceding factual allegations.

4.30 Plaintiff had a valid contractual relationship and/or business expectancy with Defendant Gate Gourmet.

4.31 Defendant Middleton had knowledge of Plaintiff's business relationship and/or expectancy with Defendant Gate Gourmet.

COMPLAINT FOR DAMAGES - Page 8 of 11

OWEN | VANDERBRUG
1700 SEVENTH AVE., STE. 2100
SEATTLE, WASHINGTON 98101
P (206) 467-1400  F (206) 467-4884

4.32    Defendant Middleton, through unfounded and inaccurate allegations against the Plaintiff, induced Gate Gourmet to terminate the business relationship and/or expectancy with the Plaintiff.

4.33    Defendant Middleton's interference was for an improper purpose and/or accomplished through improper means.

4.34    As a result of Defendants' acts and omissions as set forth herein, Defendant Middleton intentionally interfered with Plaintiff's ability to maintain ongoing employment, causing Plaintiff to suffer irreparable and ongoing damages.

## I  NINTH CAUSE OF ACTION-*NEGLIGENT RETENTION*

4.35    Plaintiff incorporates each of the allegations which are stated above in support of this cause of action.

4.36    Defendant Gate Gourmet knew or should have known that Defendant Middleton singled out female employees for harassment and engaged in other conduct showing a disregard for anti-discrimination laws.

4.37    Defendants had a duty to its employees, including Plaintiff, to take reasonable remedial action in responding to Defendant Middleton's conduct through termination of Defendant Middleton.

4.38    Defendants' actions in failing to exercise its duty to the Plaintiff by retaining Defendant Middleton was a proximate cause of the injuries and damages suffered by the Plaintiff.

OWEN | VANDERBRUG
1700 SEVENTH AVE., STE. 2100
SEATTLE, WASHINGTON 98101
P (206) 467-1400  F (206) 467-4884

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests this Court enter an order granting her the following relief:

5.1 Damages for all past and future wage losses of Plaintiff in amounts to be proven at trial;

5.2 Attorneys fees and costs pursuant to statute, including, but not limited to, RCW 49.46.090, RCW 49.48.030, RCW 49.52.070, RCW 49.60 *et. seq.*, RCW 4.84 *et. seq.* and any other statute that allows for an award of attorneys' fees and costs.

5.3 An award of general and special damages for the injuries caused by violation of Plaintiff's rights under state law.

5.4 Order Defendants to make Plaintiff whole by paying compensation for all pecuniary losses arising out of Defendants' unlawful conduct, including out of pocket expenses, in amounts to be determined at trial.

5.5 Order Defendants to make Plaintiff whole by paying compensation for all non-pecuniary losses arising out of Defendants' unlawful conduct, including, without limitation, emotional suffering, distress, loss of enjoyment of life, in amounts to be determined at trial.

5.6 Order Defendants to pay Plaintiff for any and all tax consequences associated with the damages and cost award, including but not limited to, attorneys' fees.

5.7 An award of pre and post judgment interest as allowed by law.

5.8 Such other and further relief as the Court deems just and proper.

COMPLAINT FOR DAMAGES - Page 10 of 11

OWEN | VANDERBRUG
1700 SEVENTH AVE., STE. 2100
SEATTLE, WASHINGTON 98101
P (206) 467-1400  F (206) 467-4884

RESPECTFULLY SUBMITTED this 5th day of March, 2021.

OWEN | VANDERBRUG

By: *Vanessa Vanderbrug*
Vanessa M. Vanderbrug, WSBA No. 31688
James M. Owen, Jr., WSBA No. 29247
Of Attorneys for Plaintiff

COMPLAINT FOR DAMAGES - Page 11 of 11

**OWEN | VANDERBRUG**
1700 SEVENTH AVE., STE. 2100
SEATTLE, WASHINGTON 98101
P (206) 467-1400  F (206) 467-4884