UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LINDA THOMPSON,<br><br>                Plaintiff,<br><br>    v.<br><br>GATE GOURMET INC., et al.,<br><br>                Defendants. | CASE NO. 2:21-CV-510-JCC-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: July 9, 2021 |

    The District Court referred this action to United States Magistrate Judge David W. Christel. Dkt. 9. Presently before the Court is Plaintiff Linda Thompson's Motion for Voluntary Dismissal of Plaintiff's Seventh Cause of Action – Breach of Contract and Motion for Remand. Dkt. 6, 8. The Court concludes Plaintiff's Motion for Voluntary Dismissal is improper and Plaintiff's breach of contract claim, as pled in the Complaint at the time of removal, raises federal question jurisdiction. Therefore, the undersigned recommends the Motion for Voluntary Dismissal (Dkt. 6) and the Motion for Remand (Dkt. 8) be denied.

I.      **Background**

Plaintiff alleges Defendants Gate Gourmet, Inc. and Nanette Middleton wrongfully terminated Plaintiff's employment with Gate Gourmet after Plaintiff mistakenly put two cans of water in her pocket. Dkt. 1-2. Plaintiff raises the following causes of action: (1) violation of the Washington Law Against Discrimination ("WLAD") (gender discrimination); (2) violation of the WLAD (race discrimination); (3) violation of the WLAD (age discrimination); (4) hostile work environment; (5) outrage; (6) violation of Washington State public policy; (7) breach of contract; (8) intentional interference with business expectancy (against Defendant Middleton only); and (9) negligent retention.

Plaintiff initiated this lawsuit in the King County Superior Court – a Washington State court – on March 5, 2021. Dkt. 1-2. On April 15, 2021, Gate Gourmet removed this action to this Court under theories of both diversity and federal question jurisdiction. Dkt. 1.

On May 12, 2021, Plaintiff filed the Motion for Voluntary Dismissal, seeking to dismiss only the breach of contract claim. Dkt. 6. Plaintiff filed the Motion for Remand on May 14, 2021. Dkt. 8. Gate Gourmet filed a Response to the Motion for Voluntary Dismissal on June 1, 2021, Dkt. 12, and a Response to the Motion for Remand on June 7, 2021. Dkt. 13. Plaintiff filed her Reply to the Response to the Motion for Remand on June 11, 2021. Dkt. 14.[1]

II.     **Motion for Voluntary Dismissal (Dkt. 6)**

Plaintiff moves to dismiss one claim – the breach of contract claim – alleged in the Complaint pursuant to Federal Rule of Civil Procedure 41(a)(2). *Id*. Gate Gourmet filed a Response stating it does not oppose the Motion for Voluntary Dismissal. Dkt. 12.

---

[1] At this time, Defendant Middleton has not been served and has not filed a response to the pending motions or otherwise responded to the Complaint.

REPORT AND RECOMMENDATION - 2

Rule 41(a) does not permit dismissals of individual claims against a defendant remaining in the case. *See Hells Canyon Preservation Council v. U.S. Forest Service*, 403 F.3d 683, 687-688 (9th Cir. 2005). "Instead, withdrawals of individual claims against a given defendant are governed by Fed.R.Civ.P. 15, which addresses amendments to pleadings." *Id*. at 687. As Plaintiff seeks only to dismiss one claim and all parties would remain in the case, Plaintiff's Motion for Voluntary Dismissal is improper. Therefore, the Court recommends Plaintiff's Motion for Voluntary Dismissal (Dkt. 6) be denied.

The Court notes that the proper course of action would be for Plaintiff to file a motion to amend. If Plaintiff files a motion to amend, the Court recommends denying the Motion for Voluntary Dismissal as moot.

**III.    Motion to Remand (Dkt. 8)**

Plaintiff next moves to remand this case back to state court. Dkt. 8. Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). Accordingly, there is a strong presumption against removal jurisdiction. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). Under the removal statute, a defendant may remove any civil action over which the federal district court has original jurisdiction. 28 U.S.C. §1441(a). A plaintiff can challenge removal with a motion to remand. 28 U.S.C. § 1447(c). The court will resolve all ambiguities in favor of remand. *Hunter*, 582 F.3d at 1042.

Gate Gourmet contends this Court has federal question jurisdiction and diversity jurisdiction over this case. *See* Dkt. 1, 13. Gate Gourmet first asserts federal question jurisdiction exists because Plaintiff's breach of contract and intentional interference with business expectancy claims are preempted by federal law. Dkt. 1, 13. Specifically, Gate Gourmet contends these two claims arise from a collective bargaining agreement ("CBA") and, as such,

are pre-empted by the Railway Labor Act ("RLA"). Dkt. 1; *see also* Dkt. 13. Thus, this Court's federal question jurisdiction rests on whether the RLA preempts Plaintiff's claims for breach of contract and intentional interference with business expectancy.

"The RLA creates 'a comprehensive framework for resolving labor disputes' in the rail and airline industries." *Alaska Airlines Inc. v. Schurke*, 898 F.3d 904, 916 (9th Cir. 2018) (quoting *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 252 (1994)). "RLA preemption—like the 'virtually identical' preemption under section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185 — extends only as far as necessary to protect the role of labor arbitration in resolving CBA disputes." *Schurke*, 898 F.3d at 913-14. The Ninth Circuit has recognized "RLA and LMRA § 301 preemption only where a state law claim arises entirely from or requires construction of a CBA." *Id*. at 914. Thus, "if adjudicating the state claim would require an interpretation of a [CBA,] . . . federal law governs the dispute." *Johnson v. Boeing Company*, 2007 WL 9775636, at * 2 (W.D. Wash. Oct. 19, 2007). "Once preempted, 'any claim purportedly based on [a] ... state law is considered, from its inception, a federal claim, and therefore arises under federal law.'" *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007) (alteration in original) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987)).

Gate Gourmet contends Plaintiff's breach of contract claim is dependent on an interpretation of the CBA and, thus, is preempted by federal law. Dkt.13. Courts in this Circuit have found breach of contract claims, express or implied, are preempted by CBAs between parties. *Johnson*, 2007 WL 9775636 at *3; *see also Espinal v. Nw. Airlines*, 90 F.3d 1452, 1459 (9th Cir. 1996) (finding contractual claims were preempted by the RLA because the contractual remedies were located in the CBA). Here, Plaintiff alleges Defendants had a policy that provided

for progressive and written disciplinary actions. Dkt. 1-2. "Defendants breached its contract with Plaintiff by failing to provide accurate and proper disciplinary and counseling actions." *Id*. Further, Defendants allegedly breached a contract with Plaintiff by not providing confidential open-door opportunities. *Id*. Gate Gourmet states the terms and conditions of Plaintiff's employment were governed by the CBA. Dkt. 1. Plaintiff has not identified the textual source of her breach of contract claim; however, Plaintiff does not dispute the CBA is the textual document at issue in the breach of contract claim. *See* Dkt. 1, 13, 14. Rather, Plaintiff contends Defendants can raise the terms of the CBA as a defense to her claims. *See* Dkt. 14.

The record reflects Plaintiff's employment and subsequent termination are governed by a CBA. A determination of whether Defendants' alleged conduct resulted in a breach of contract necessarily entails interpretation of the CBA. Therefore, the breach of contract claim is preempted by federal law and removal to federal court is proper.

Plaintiff contends she has dismissed the breach of contract claim and, therefore, there is no federal question. Dkt. 8. On May 12, 2021, approximately one month after the case was removed to this Court, Plaintiff filed a Motion for Voluntary Dismissal seeking to dismiss her breach of contract claim. Dkt. 6.[2] At this time, the Motion for Voluntary Dismissal has not been decided, but the undersigned recommends the Motion for Voluntary Dismissal be denied. Thus, the breach of contract claim remains in the case. Regardless, "[i]n determining the existence of removal jurisdiction, based upon a federal question, the court must look to the complaint *as of the time the removal petition was filed*." *Abada v. Charles Schwab & Co.*, 300 F.3d 1112, 1117 (9th Cir. 2002) (quoting *O'Halloran v. Univ. of Wash.*, 856 F.3d 1375, 1379 (9th Cir. 1988))

---

[2] The Court notes Plaintiff's Motion for Voluntary Dismissal is improper. Plaintiff must file a motion to amend to remove the breach of contract claim from this case.

REPORT AND RECOMMENDATION - 5

(emphasis in original). Further, a plaintiff may not compel remand by amending a complaint to eliminate the federal question upon which removal was based. *Sparta Surgical Corp. v. National Ass'n of Securities Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998), *abrogated on other grounds by Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 136 S.Ct. 1562 (2016). Plaintiff's attempt to dismiss her breach of contract claim does not extinguish federal question jurisdiction, nor will it if she amends her Complaint. *See Stub v. Credit Control Servs. Inc.*, 2021 WL 141530, at *2 (W.D. Wash. Jan. 15, 2021) (finding any subsequent amendment after removal was insufficient to remove the Court's subject matter jurisdiction or compel immediate remand of the case, but declining supplemental jurisdiction after the federal claims were dismissed).

In conclusion, Plaintiff's breach of contract claim requires interpretation of the CBA and is preempted by federal law. Therefore, removal was proper.

As this case was properly removed to this Court based on federal question jurisdiction and as the jurisdictional analysis is dependent on the pleadings at the time of the removal, the Court declines to consider Plaintiff's remaining arguments for remand and recommends the Motion to Remand (Dkt. 8) be denied. *See Garcia v. Welltower OpCo Group LLC*, --- F.Supp.3d ---, 2021 WL 492581, at *9 (Feb. 10, 2021) (denying motion to remand and declining to consider other arguments regarding existence of jurisdiction after finding a complete preemption statute applied).[3]

---

[3] The Court notes the Complaint contains state law claims. Dkt. 1-2. Plaintiff asserts there is a strong preference for declining to exercise supplemental jurisdiction once a federal claim is dismissed. Dkt. 14. The breach of contract claim remains in the case and the Court finds the state law claims and the federal claim arise from a single event and are closely related. Therefore, at this time, the Court finds retaining supplemental jurisdiction over the state law claims is appropriate. *See* 28 U.S.C. § 1367.

### IV. Conclusion

For the above stated reasons, the Court recommends Plaintiff's Motion for Voluntary Dismissal (Dkt. 6) and Motion to Remand (Dkt. 8) be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on July 9, 2021, as noted in the caption.

Dated this 22nd day of June, 2021.

David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7