THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LINDA THOMPSON, | CASE NO. C21-0510-JCC |
| Plaintiff, | ORDER |
| v. | |
| GATE GOURMET INC., *et al.*, | |
| Defendants. | |

 This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable David W. Christel, United States Magistrate Judge (Dkt. No. 15) and Plaintiff Linda Thompson's objections thereto (Dkt. No. 16). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby ADOPTS the R&R and OVERRULES the objections for the reasons explained herein.

 Ms. Thompson initiated this wrongful termination lawsuit against Gate Gourmet in King County Superior Court, raising nine causes of action. (*See* Dkt. No. 1-2 at 5–10.) After Gate Gourmet removed the case to federal court, Ms. Thompson moved for voluntary dismissal of her breach of contract claim. (*See* Dkt. Nos. 1, 6.) Shortly thereafter, Ms. Thompson moved to remand. (*See* Dkt. Nos. 8, 14.) Judge Christel issued an R&R recommending that the Court deny both motions. (*See generally* Dkt. No. 15.) Ms. Thompson lodged objections to the R&R, which are presently before the Court. (*See* Dkt. No. 16.)

A district judge reviews objections to a magistrate judge's R&R *de novo*. Fed. R. Civ. P. 72(b)(3). The Court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. *Id.*

Ms. Thompson argues that Judge Christel erred in concluding that voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1) cannot be used to dismiss individual claims against a defendant. (*See* Dkt. No. 16 at 2.) The Court disagrees with Ms. Thompson. The Ninth Circuit has held that the provision cannot be used in this manner. *See Hells Canyon Preservation Council v. U.S. Forest Service*, 403 F.3d 683, 687–88 (9th Cir. 2005) (the rule "does not allow for piecemeal dismissals").

Ms. Thompson next argues that Judge Christel erred in finding that the Railway Labor Act ("RLA"), 45 U.S.C. § 151 *et seq.*, controls her breach of contract claim, thereby establishing this Court's federal question jurisdiction. (*See* Dkt. No. 16 at 3–4.) She suggests that preemption in this context is an affirmative defense and therefore cannot serve as the anchor for federal question jurisdiction. (*Id.* at 3–4.) Again, the Court disagrees with Ms. Thompson. "The RLA creates 'a comprehensive framework for resolving labor disputes' in the rail and airline industries." *Alaska Airlines Inc. v. Schurke*, 898 F.3d 904, 916 (9th Cir. 2018) (quoting *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 252 (1994)). "Once preempted, 'any claim purportedly based on [a] . . . state law is considered, from its inception, a federal claim, and therefore *arises under* federal law.'" *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007) (alteration in original) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987)).

For the foregoing reasons, the Court OVERRULES Ms. Thompson's objections (Dkt. No. 16) and ADOPTS Judge Christel's R&R. Ms. Thompson's motions for voluntary dismissal (Dkt. No. 6) and remand (Dkt. No. 8) are DENIED.

//

//

DATED this 5th day of August 2021.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE