UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LINDA THOMPSON,<br><br>            Plaintiff,<br><br>   v.<br><br>GATE GOURMET INC., et al.,<br><br>            Defendants. | CASE NO. 2:21-CV-510-JCC-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: February 4, 2022 |

    The District Court referred this action to United States Magistrate Judge David W. Christel. Dkt. 9. Presently before the Court is the Motion to Dismiss Nenette Middleton for Insufficiency of Process and Insufficiency of Service of Process.[1] Dkt. 24. The Court concludes Plaintiff Linda Thompson has not served Defendant Middleton and has not shown good cause exists which would warrant an extension of time to serve. Therefore, the undersigned recommends the Motion to Dismiss (Dkt. 24) be granted and Defendant Middleton be dismissed from this action without prejudice.

---

    [1] Middleton is incorrectly identified as Nanette Middleton in the Complaint.

REPORT AND RECOMMENDATION - 1

## I. Background

Plaintiff initiated this lawsuit in the King County Superior Court – a Washington State court – on March 5, 2021, alleging Defendants Gate Gourmet, Inc. and Middleton wrongfully terminated Plaintiff's employment with Gate Gourmet. Dkt. 1-2. On April 15, 2021, Gate Gourmet removed this action to this Court. Dkt. 1. Plaintiff filed a Motion for Remand on May 14, 2021. Dkt. 8. On June 22, 2021, the undersigned recommended the Motion for Remand be denied. Dkt. 15. The Honorable John C. Coughenour, the District Judge assigned to this case, adopted the Report and Recommendation and denied the Motion for Remand on August 5, 2021. Dkt. 18.

On November 5, 2021, Middleton filed the pending Motion to Dismiss. Dkt. 24. Plaintiff filed her Response to the Motion to Dismiss on November 10, 2021, and, on December 3, 2021, Middleton filed her Reply. Dkt. 25, 26, 27.

## II. Discussion

A court cannot exercise personal jurisdiction over a defendant unless a plaintiff has substantially complied with the service requirements of Federal Rule of Civil Procedure 4. *Direct Mail Specialists, Inc. v. Eclat Computerized Tech.,* 840 F.2d 685, 688 (9th Cir. 1988). A motion for insufficient service of process may be brought under Rule 12(b)(5). Fed. R. Civ. P. 12(b)(5).

Pursuant to Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Plaintiff may show good cause where she "was prevented from serving a defendant because of events outside of [her] control" or due to a defendant's efforts to

evade service. *Zoosk, Inc. v. Dyle*, 2011 WL 635279, at *2 (N.D. Cal. Feb. 11, 2011) (citing *Wei v. State of Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985)).

Here, the case was removed to this Court on April 15, 2021. Dkt. 1. "The Federal Rules of Civil Procedure govern service of process in federal court, *see* Fed. R. Civ. P. 4, and apply to a civil action after removal, *see* Fed. R. Civ. P. 81(c)(1)." *Whidbee v. Pierce Cty.*, 857 F.3d 1019, 1023 (9th Cir. 2017). Therefore, once a case is removed to federal court, a plaintiff has ninety days to effect service of process on all defendants. *Id.*; *see Esebag v. Whaley*, 2018 WL 8131221, at *3 (C.D. Cal. Dec. 10, 2018) ("plaintiffs have 90 days following the date of removal to serve all defendants"). As Middleton had not been served when the case was removed, Plaintiff had ninety days from the date of removal, or until July 14, 2021, to serve Middleton.

Middleton was not served by July 14, 2021, and still has not been served. *See* Dkt. 24, 25 (parties do not dispute Middleton has not been served). Plaintiff contends Middleton has evaded service and, therefore, good cause exists to extend the time to serve. Dkt. 25. Plaintiff submitted a Declaration of Due Diligence stating a process server attempted service at an address associated with Middleton on March 23, 2021, and there was no answer at the door. Dkt. 25-1, Miller Dec. The process server also phoned Middleton, who said she refused service. *Id*. The process server attempted to serve Middleton on March 29, 2021, April 1, 2021, April 8, 2021, and May 2, 2021, but there was no answer at the door. *Id*. On May 5, 2021, Middleton was outside when the process server arrived at Middleton's home; Middleton took her dogs inside her home, said she was not signing or receiving anything, and closed the door before the process server could serve her. *Id*.

Plaintiff also provided evidence that process servers were unable to serve Middleton on May 5, 2021, May 10, 2021, May 11, 2021, and May 12, 2021. Dkt. 25-1 at 12. On May 5, 2021, the server was told no one by Middleton's name lived at the home. *Id*. On the other occasions, a

REPORT AND RECOMMENDATION - 3

vehicle registered to Middleton was located at the address and the process server believed individuals were in the home, but not answering. *Id*.

Plaintiff also states that Gate Gourmet has not responded to discovery and defense counsel has refused to accept service on Middleton's behalf. Dkt. 25-1, Vanderbrug Dec. The discovery submitted to the Court fails to show Plaintiff sought information related to serving Middleton. *See* Dkt. 27-1 at 5-9, 15-34. Further, Plaintiff's counsel asked Gate Gourmet's counsel if they were authorized to accept service for Middleton on August 5, 2021. Dkt. 27-1 at 12-13. Defendants' counsel stated they were not authorized to accept service on behalf of Middleton. *Id* at 12. Plaintiff made no other attempts to serve Middleton.

Plaintiff attempted service on Middleton several times between March 29, 2021 and May 12, 2021. A process server made in-person contact with Middleton on one occasion, but Middleton entered her home before the process server could serve her. While there is evidence Middleton declined service, the Court does not find the record reflects aggressive behavior or that Middleton evaded service. Importantly, beyond asking defense counsel if they were authorized to accept service on behalf of Middleton on August 5, 2021, Plaintiff has made no attempts to serve Middleton since May 12, 2021 and did not request an extension of time to serve Middleton.

Plaintiff argues that it was not reasonable for her to seek an extension of time while her Motion for Remand was pending. Dkt. 25. Plaintiff states that, under Washington law, timely service of process upon one defendant tolls the time period permitted to serve the remaining defendants. Dkt. 25 at 3. Thus, Plaintiff appears to argue that, because she moved for the case be remanded to state court, Plaintiff did not need to comply with the Federal Rules of Civil Procedure. Plaintiff has not cited, nor does the Court find, any case law supporting her position that a pending motion requesting remand to the state court excuses a plaintiff from timely

REPORT AND RECOMMENDATION - 4

serving all defendants or from seeking an extension of time to serve. Further, Plaintiff fails to explain why she did not seek an extension of time to serve Middleton following the undersigned's June 22, 2021 Report and Recommendation recommending the Motion for Remand be denied or the Court's August 5, 2021 denial of her Motion for Remand. Therefore, the Court is not persuaded that it was unreasonable for Plaintiff to seek an extension of time to serve while the Motion for Remand was pending or after it was denied.

The service deadline expired on July 14, 2021. Plaintiff has failed to serve Middleton and failed to request an extension of time to serve Middleton. In fact, Plaintiff only requested an extension of time to serve Middleton in response to the Motion to Dismiss, nearly four months after the service deadline. Based on the record before the Court, Plaintiff has not shown good cause for her failure to serve Middleton.

Absent a showing of good cause, district courts have broad discretion to extend the time for service. *Efaw v. Williams,* 473 F.3d 1038, 1041 (9th Cir. 2007). In making extension decisions under Rule 4(m), a district court may consider factors like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service. *Id.* While Plaintiff's claims against Middleton may be barred by the statute of limitations, more than ten months have passed since Plaintiff initiated this lawsuit and she has still not served Middleton. Plaintiff has not made efforts to personally serve Middleton since May 12, 2021. Further, Gate Gourmet, Plaintiff's employer, remains in this case. The Court has considered the factors and finds they weigh in favor of dismissing Middleton.

### III.   Conclusion

The time to serve expired on July 14, 2021 and, as of the date of this Report and Recommendation, Middleton has not been served. Plaintiff has not shown good cause for the failure to serve and the Court declines to extend the time to serve. Accordingly, the Court

recommends Middleton's Motion to Dismiss (Dkt. 24) be granted and Middleton be dismissed from this action without prejudice.[2]

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on February 4, 2021, as noted in the caption.

Dated this 14th day of January, 2022.

David W. Christel
United States Magistrate Judge

---

[2] Defendants' request the dismissal be with prejudice based on the statute of limitations. Dkt. 24. However, Rule 4(m) specifically states that, if a defendant has not been served, the Court must dismiss the action without prejudice.

REPORT AND RECOMMENDATION - 6